UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-67-FDW

| | |
|---|---|
| JOSEPH F. STEEPLETON, JR., )<br>)<br>      **Plaintiff,**   )<br>)<br>vs.   )<br>)<br>FNU GREEN,   )<br>)<br>      **Defendant.**   )<br>_____)| **ORDER** |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Complaint, (Doc. No. 1). He is proceeding *in forma pauperis*. (Doc. No. 5).

**I.    BACKGROUND**

*Pro se* incarcerated Plaintiff filed a civil rights suit pursuant to 42 U.S.C. § 1983, about an incident that allegedly occurred at the Alexander Correctional Institution. He names as the sole Defendant Mr. Green, an officer at Alexander C.I., in his official capacity.

Construing the Complaint liberally and accepting it as true, Plaintiff was in cuffs on December 17, 2018 and was being walked to segregation when Officer Green used "bad force" on him by throwing his face into the wall, putting him on the floor, hitting him on his sides, and jumping on him for no reason. (Doc. No. 1 at 4). Lieutenant Brown, the officer in charge, had to get Officer Green off of the Plaintiff. He appears to further allege that Brown looked at video footage, confirmed that Plaintiff did nothing wrong, and let him out of segregation. Plaintiff claims that his head, face, and sides hurt for two weeks after the incident and "they" did not call medical staff to treat him. (Doc. No. 1 at 5). Plaintiff seeks damages and a five-year reduction of his sentence.

1

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff

to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

The body of the Complaint contains allegations about Officer Brown, who is not named as defendant in the caption as required by Rule 10(a). This failure renders Plaintiff's allegations against Officer Brown nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). The allegations directed at Officer Brown and any other individuals not specifically named as Defendants are therefore dismissed without prejudice.

The Complaint refers to the deprivation of medical care but Plaintiff fails to explain whether he wishes to assert that claim against Officer Green and/or another individual(s). Nor does he explain how their actions or inactions were deliberately indifferent to a serious medical need. The Federal Rules of Civil Procedure require a short and plain statement of the claim. Fed. R. Civ. P. 8(a)(2). Conclusory allegations, unsupported by specific allegations of material fact are not sufficient. Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990). A pleader must allege facts, directly or indirectly, that support each element of the claim. Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002). Plaintiff's conclusory allegations about the denial of medical care are insufficient to proceed at this time.

Plaintiff alleges that Officer Green used excessive force against him and seeks to proceed against Green only in his official capacity. A state official can be in a § 1983 suit in three ways: in his personal capacity, his official capacity, or in a more limited way, his supervisory capacity.

King v. Rubenstein, 825 F.3d 206, 223–24 (4th Cir. 2016). For personal liability, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Kentucky v. Graham, 473 U.S. 159, 166 (1985). In an official-capacity suit, however, "[m]ore is required:" the suit is "treated as a suit against the entity," which must then be a "'moving force' behind the deprivation," King, 825 F.3d at 223 (quoting Polk County v. Dodson, 454 U.S. 312, 326 (1981)); thus, the entity's "'policy or custom' must have played a part in the violation of federal law," id. (quoting Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978)). Meanwhile, a supervisor can be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) that there was an "affirmative causal link" between his inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted). Plaintiff fails to state an official capacity claim against Officer Green; there are no allegations that an official policy or custom was the moving force behind Green's alleged actions. Therefore, the allegations against Green in his official capacity are insufficient to state a claim and Plaintiff's excessive force claim will be dismissed.

Finally, Plaintiff seeks relief including a reduction in his North Carolina criminal sentence. However, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973); see, e.g., 28 U.S.C. § 2241; 28 U.S.C. § 2254. Plaintiff's request for a reduced sentence is not cognizable in a § 1983 action and therefore will be dismissed.

In sum, Plaintiff's Complaint, as submitted, fails to state a claim against any named Defendant and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The Court will allow Plaintiff the opportunity to amend his Complaint, if he so chooses.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to file an Amended Complaint in accordance with this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to file an Amended Complaint, particularizing his claims and providing facts to support his legal claims against each Defendant. If Plaintiff fails to file an Amended Complaint accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

2. The Clerk is respectfully instructed to mail Plaintiff a new Section 1983 form for Plaintiff to submit an Amended Complaint, if he so wishes.

Signed: December 20, 2019

Frank D. Whitney
Chief United States District Judge