UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-67-FDW

| JOSEPH F. STEEPLETON, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| FNU GREEN, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Amended Complaint, (Doc. No. 13). He is proceeding *in forma pauperis*. (Doc. No. 5).

I.     **BACKGROUND**

*Pro se* incarcerated Plaintiff filed a civil rights suit pursuant to 42 U.S.C. § 1983, about an incident that allegedly occurred at the Alexander Correctional Institution. He names as the sole Defendant Correctional Officer Green.

Construing the Amended Complaint liberally and accepting the allegations as true, Officer Green was escorting Plaintiff to segregation at 4:00 or 4:30 PM on December 17, 2018. In a hallway near the chaplain's office, Officer Green used "bad force" on Plaintiff by throwing him into the wall, slamming his face into the wall, slamming him onto the floor and hitting his face and right side. (Doc. No. 13 at 5). Plaintiff did not do anything warranting the use of force and was restrained in handcuffs at the time. Plaintiff's face and right side were hurting from the incident but medical did not see or treat him for unknown reasons even though Plaintiff asked to see medical. Plaintiff has daily suicidal thoughts from the incident. Plaintiff requests a lawyer and damages.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review a complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff

2

to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1)** **Excessive Force**

The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Prison officials may not use excessive physical force against prisoners. See Hudson v. McMillian, 503 U.S. 1 (1992). A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Hudson, 503 U.S. at 5, and must result in the denial of "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The second requirement is that a prison official must have a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297, 302-03; Hudson, 503 U.S. at 5, 8. "[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." Hudson, 503 U.S. at 4; see Wilkins v. Gaddy, 559 U.S. 34, 34 (2010). The "core judicial inquiry," is not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary

3

standards of decency always are violated ... whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Hudson, 503 U.S. at 9, 13–14.

Plaintiff's allegations that Officer Green slammed him into the wall then onto the floor and hit his face while Plaintiff was handcuffed and did nothing to warrant the use of force are sufficient to state a claim of excessive force. This claim will therefore proceed.

**(2)** **Medical Deliberate Indifference**

Prisoners alleging that they have been subjected to unconstitutional conditions of confinement must satisfy the Supreme Court's two-pronged test set forth in Farmer v. Brennan, 511 U.S. 825, 832 (1994). Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016). To state a claim for deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs, which is an objective inquiry, and that the defendant acted with deliberate indifference to those needs, which is a subjective inquiry. See Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). In order to be sufficiently serious, the deprivation must pose "a serious or significant physical or emotional injury resulting from the challenged conditions," or "a substantial risk of such serious harm resulting from ... exposure to the challenged conditions." De'lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks and citation omitted). To constitute deliberate indifferent to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825. Where a deliberate indifference claim is predicated on a delay in medical care, there is no Eighth Amendment violation unless "the delay results in some substantial harm to the patient" such as "marked" exacerbation in his medical condition or

4

"frequent complaints of severe pain." Formica v. Aylor, 739 Fed. Appx. 745, 755 (4th Cir. 2018) (noting that Fourth Circuit unpublished opinions are not binding precedent but noting that the substantial harm standard is consistent with at least four other courts of appeals) (quoting Webb v. Hamidullah, 281 Fed. Appx. 159, 166-67) (4th Cir. 2008), citing Sharpe v. S.C. Dep't of Corr., 621 Fed. Appx. 732, 734 (4th Cir. 2015)).

Plaintiff claims that he requested medical attention after the incident with Officer Green. However, he does not state to whom he directed his request. Nor does he allege that his medical need was objectively serious or that anyone was subjectively indifferent to his need for medical care. Plaintiff's claim of deliberate indifference to a serious medical need is therefore too vague and conclusory to state a claim and will be dismissed pursuant to § 1915(e)(2)(B)(ii).

### IV. MOTION FOR THE APPOINTMENT OF COUNSEL

Incorporated in Plaintiff's Amended Complaint is a request for the appointment of counsel. Plaintiff states that he does not read and right well, is taking mental health medications, and is ADHD. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff has failed to demonstrate that exceptional circumstances exist that would warrant the appointment of counsel. Therefore, the motion for the appointment of counsel that is incorporated in his Amended Complaint will be denied at this time.

### V. CONCLUSION

For the reasons stated herein, Plaintiff's Amended Complaint has passed initial review on a claim of excessive force against Correctional Officer Green. The remainder of the Amended Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and the incorporated Motion for

the Appointment of Counsel is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint, (Doc. No. 13), passes initial review on a claim of excessive force against Correctional Officer Green.

2. The remaining claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and the incorporated Motion for the Appointment of Counsel is denied.

3. **IT IS FURTHER ORDERED THAT** the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for **Correctional Officer Green** who is current or former employee of NCDPS.

4. The Clerk of Court is instructed to mail Plaintiff a Notice and Response form pursuant to Standing Order 3:19-mc-60.

Signed: January 23, 2020

Frank D. Whitney
Chief United States District Judge