IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00067-MR

| | |
|---|---|
| JOSEPH F. STEEPLETON, JR., ) ) Plaintiff, ) ) vs. ) ) FNU GREEN, ) ) Defendant. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies [Doc. 20].

**I.     BACKGROUND**

The incarcerated Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that excessive force was used against him on December 17, 2018 at the Alexander Correctional Institution. The sole Defendant is FNU Green, a correctional officer. The Amended Complaint [Doc. 13] passed initial review[1] and Defendant Green has now filed a Motion to Dismiss arguing that Plaintiff failed to exhaust his administrative remedies prior to filing this action. [Doc. 20].

---

[1] This case was assigned to Judge Frank D. Whitney at that time. [See Doc. 14].

The Court informed Plaintiff that the Motion may be treated as one seeking summary judgment and notified Plaintiff of the opportunity to respond to Defendant's Motion and present evidence in opposition pursuant to Fed. R. Civ. P. 56. [Doc. 22]. The Court cautioned Plaintiff that failure to file a timely and persuasive response to Defendant's Motion would likely lead to the the Court granting the relief that Defendant seeks including dismissal of this action. [Doc. 22 at 4].

Plaintiff filed a Letter, docketed as a Response, in which Plaintiff does not address exhaustion whatsoever. He appears to state that he has already sent the Court all of his evidence except for a video of the alleged incident which he seeks to present at trial. [Doc. 23].

## II.  STANDARD OF REVIEW

Although Defendant Green has entitled his pleading a Motion to Dismiss, it will be converted to a Motion for Summary Judgment as Defendant Green has submitted exhibits in support of the Motion. Plaintiff was notified that the Motion to Dismiss may be treated as a Motion for Summary Judgment and he was given a reasonable opportunity to present evidence in opposition to the Motion. See Fed. R. Civ. P. 12(d); Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985) (a "reasonable opportunity" to present materials in opposition to a motion to dismiss that is converted to a motion

for summary judgment requires (1) that the nonmoving party have some indication that the court is treating the Rule 12(b)(6) motion as a motion for summary judgment, and (2) the nonmoving party must be afforded a reasonable opportunity for discovery to obtain information essential to oppose the motion). Plaintiff has not submitted evidence in opposition to the Motion, nor has he specified reasons that he cannot present facts essential to justify his opposition. See generally Fed. R. Civ. P. 56(d); Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214 (4th Cir. 2002) (a party opposing summary judgment "cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.") (quoting Evans Tech. Applications & Srvc. Co., 80 F.3d 954, 961 (4th Cir. 1996)).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). Courts "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt. Inc. v. J.D. Assoc.'s, LLP, 213 F.3d 174, 180 (4th Cir. 2000). The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party."

Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## III. DISCUSSION

The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust his administrative remedies before filing a § 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. PLRA's exhaustion requirement applies to all inmate suits about prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). There is "no question that exhaustion is mandatory under PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007)

5

(citing Porter, 534 U.S. at 524). The PLRA requires "proper" exhaustion, which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). The exhaustion of administrative remedies must occur before a civil action is commenced. Porter, 534 U.S. at 516. A prisoner may not exhaust her administrative remedies during the pendency of a § 1983 action. Germain v. Shearin, 653 F. App'x 231, 234 (4th Cir. 2016); French v. Warden, 442 F. App'x 845, 846 (4th Cir. 2011).

NCDPS has established a three-step procedure governing submission and review of inmate grievances, which it refers to as the Administrative Remedies Procedure ("ARP"). See N.C. Gen. Stat. § 148-118.1 *et seq.*; Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). Under the ARP, an inmate must submit a grievance at step one and then may appeal an unfavorable decision from step one at steps two and three. Id. A decision at step three of the ARP exhausts the prisoner's remedies under the PLRA.

"The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218. NCDPS's ARP does not

6

require a plaintiff to name each defendant in his grievance so long as the grievance gives the defendant fair notice of the claim. See Moore, 517 F.3d at 729. However, if the grievance fails to give prison authorities fair notice of, and the opportunity to address, the problem that will later form the basis of the suit against that defendant, dismissal of that defendant is appropriate. See Davidson v. Davis, 3:13-cv-00590-FDW, 2015 WL 996629 at *3 (W.D.N.C. Mar. 6, 2015) (citing Johnson v. Johnson, 385 F.3d 503, 516-17 (5th Cir. 2004)).

Plaintiff alleges in his Amended Complaint that he exhausted his administrative remedies with regard to the alleged use of excessive force by filing a grievance at Alexander C.I. Plaintiff states that he did not receive a response or file an appeal because, he believes, his grievance was thrown away after his mother called and told April Parker, a correctional housing manager at Alexander C.I., that Plaintiff was going to sue. [Doc. 13 at 6-7].

Defendant Green has filed a Declaration by Ms. Parker stating that she has "never thrown away, misdirected, or otherwise mishandled a grievance submitted by any offender, including by [Plaintiff]." [Doc. 20-1 at 1]. Parker states that she has "always, without exception, handled inmate grievances according to the dictates of the ARP." [Doc. 20-1 at 1]. From December 17,

7

2018 to the present, Parker has not received any grievances from Plaintiff regarding Defendant Green. [Doc. 20-1 at 2].

Kimberly D. Grande, executive director of the NCDPS Inmate Grievance Resolution Board (IGRB), filed a Declaration stating that she reviewed Plaintiff's IGRB records. [Doc. 20-2]. Grande states that Plaintiff exhausted six grievances through Step 3 between December 1, 2018 and March 30, 2020. [Doc. 20-2 at 2]. The exhausted grievances are attached to Ms. Grande's Declaration, none of which pertain to the alleged use of excessive force by Defendant Green on December 17, 2018. [Docs. 20-3 – 20-8].

Plaintiff does not attempt to refute Defendant's evidence or otherwise dispute his lack of exhaustion with regard to the alleged use of force by Defendant Green on December 17, 2018. As Plaintiff has failed to demonstrate the existence of a genuine dispute of material fact, Defendant Green's Motion will be granted and this case will be dismissed without prejudice for failure to exhaust administrative remedies.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motions to Dismiss is converted to a Motion for Summary Judgment and is granted.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss [Doc. 20] is converted to a Motion for Summary Judgment and is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is directed to terminate this action.

**IT IS SO ORDERED.**

Signed: September 21, 2020

Martin Reidinger
Chief United States District Judge